IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE CAPORALETTI : <br> : <br> PLAINTIFF, : <br> : <br> vs. : <br> : <br> BOROUGH OF POTTSTOWN; CHIEF OF : <br> POLICE MICHAEL MARKOVICH – : <br> POTTSTOWN POLICE DEPARTMENT; : <br> POLICE OFFICER PETER YAMBRICK – : <br> POTTSTOWN POLICE DEPARTMENT; : <br> POLICE OFFICER MATTHEW : <br> MACIEJEWSKI – POTTSTOWN POLICE : <br> DEPARTMENT; POLICE OFFICER JOHN : <br> DOES 1-99 – POTTSTOWN POLICE : <br> DEPARTMENT; POTTSTOWN : <br> HOSPITAL; TOWER HEALTH; ABC : <br> SECURITY COMPANY; DYLAN : <br> HECKART AND JANE DOE EMPLOYEE - : <br> POTTSTOWN HOSPITAL : <br> : <br> DEFENDANTS. : | Civil Action No. <br> 2:21-CV-03293-JHS <br><br> JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANTS', POTTSTOWN HOSPITAL AND TOWER HEALTH, MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6)**

I. **INTRODUCTION**

Plaintiff, Christine Caporaletti ("Plaintiff" or "Ms. Caporaletti"), alleges that she was improperly denied the opportunity to see, or otherwise be informed of the whereabouts and well-being of non-party, Michael Graeff ("Mr. Graeff"), during his July 25, 2019 admission to Pottstown Hospital. Plaintiff has no familial nor legal relationship to Mr. Graeff. Police were called to the Hospital after Plaintiff refused multiple requests to leave. Officers of the Pottstown Police Department subsequently escorted Plaintiff out of the Hospital and placed her under arrest. During the arrest, Plaintiff alleges that she sustained injury to her right arm and shoulder.

1

With respect to Defendants, Pottstown Hospital[1] and Tower Health (together "Moving Defendants"), Plaintiff asserts two (2) counts: Count XI (Negligence) and Count XII (Negligence - Vicarious Liability). The sum total of the allegations concerning Moving Defendants and their purported employees and/or agents consist of: (1) informing Plaintiff that Mr. Graeff had not yet arrived at the hospital and, later, that he did not wish to speak to Plaintiff; and (2) calling the police when Plaintiff became agitated and refused to leave the Hospital. Moving Defendants' alleged employees and/or agents never physically touched Plaintiff and were not involved in her subsequent arrest, the point at which Plaintiff purportedly sustained injury. Because Plaintiff has failed to plead the requisite elements of Negligence – specifically, failing to plead a legally cognizable breach of a duty, and failing to plead a causal connection between the acts and/or omissions of Moving Defendants' alleged employees and/or agents and the injuries purportedly sustained by Plaintiff - Plaintiff's claims against Moving Defendants fail as a matter of law. Alternatively, if any of Plaintiff's claims as to Moving Defendants are deemed legally sufficient, then Plaintiff's claim for punitive damages should be dismissed for failure to plead grounds upon which this requested relief may be granted.

## II.    STATEMENT OF FACTS

Plaintiff alleges that an unnamed employee of Moving Defendants, Co-Defendant Jane Doe, was working at the front desk of Pottstown Hospital when Plaintiff approached her to ask for information concerning Mr. Graeff. (Doc. 1, ¶ 30.) Significantly, Plaintiff omits from her Complaint the precise nature of the relationship, if any, between her and Mr. Graeff. (*see generally*, Doc. 1.) Rather, Plaintiff alleges only that she considered Mr. Graeff to be "***like a*** son" to her. (Doc. 1 at ¶ 23.) (emphasis supplied.) Ms. Doe informed Plaintiff that Mr. Graeff had not

---

[1] Improperly identified by Plaintiff. The proper name for this entity is "Pottstown Hospital, LLC d/b/a Pottstown Hospital."

yet checked into the Hospital.[2] (Id. at ¶ 31). Despite this, Plaintiff continued to request information pertaining to Mr. Graeff's well-being and whereabouts. (Id. at ¶¶ 32-33).

Jane Doe then called to the front desk Co-Defendant Security Guard, Dylan Heckart. (Id. at ¶¶ 31-33.) Mr. Heckart is alleged to be an employee and/or agent of Moving Defendants and/or Co-Defendant, ABC Security Company.[3] (Id. at ¶ 17.) After informing Plaintiff that Mr. Graeff did not wish to see her, Mr. Heckart purportedly demanded that Plaintiff leave the Hospital. (Id. at ¶ 34.) He subsequently allegedly accused Plaintiff of misconduct as a result of her banging on doors in the back of the emergency room and pushing through doctors. (Id. at ¶ 40.) Plaintiff maintains that Mr. Heckart had no basis in fact for informing her that Mr. Graeff did not wish to speak to her. (Id. at ¶ 38.) Plaintiff also denies engaging in misconduct. (Id. at ¶¶ 40-41.)

At some point during her communications with Jane Doe and Mr. Heckart, they or "an unknown employee" of the Hospital is alleged to have called the police. (Id. at ¶ 44.) Significantly, from this point forward, no purported employee and/or agent of the Hospital is alleged to have had any further interactions with Plaintiff. (*See generally*, Id. at ¶¶ 45-72.)

Three (3) officers of the Pottstown Police Department, Co-Defendants Officer Yambrick, Officer Maciejewski and Officer John Doe, subsequently arrived at the Hospital, confirmed for Plaintiff that Mr. Graeff did not wish to see her, and directed Plaintiff to leave the Hospital. (Id. at ¶¶ 47, 52.) Following Plaintiff's continued insistence that she be able to speak to Mr. Graeff, she eventually left Pottstown Hospital. (Id. at ¶¶ 54-55.) Plaintiff was allegedly followed outside the Hospital by Officers Yambrick, Maciejewski and John Doe who then placed her under arrest.

---

[2] The accuracy of Ms. Doe's representation is confirmed by Plaintiff's allegations. (*See* Doc. 1, ¶¶ 30-37) ("Plaintiff saw the ambulance containing Mr. Graeff arrive at the Pottstown Hospital Emergency Department via the hospital's video monitors", Doc. 1, ¶ 37, only after being informed by Ms. Doe that he had not yet checked in and only after a subsequent exchange between Co-Defendant, Dylan Heckart, and Plaintiff).

[3] Moving Defendants deny that either employed Mr. Heckart at any relevant time.

(Id. at ¶¶ 56-57.) During her arrest, Plaintiff alleges that she was subjected to excessive force and sustained injury to her right arm and shoulder. (Id. at ¶¶ 59-61, 76.)

### III. STATEMENT OF QUESTIONS INVOLVED

A. Whether Plaintiff's claims against Moving Defendants - Count XI (alleging Negligence) and Count XII (alleging Negligence – Vicarious Liability) - should be dismissed where Plaintiff has failed to plead the requisite elements of Negligence?

Suggested Answer: Yes.

B. In the alternative, whether Plaintiff's claim for punitive damages against Moving Defendants must fail where Plaintiff has failed to plead any "willful, wanton or reckless conduct" misconduct on the part of Moving Defendants or their alleged employees and/or agents?

Suggested Answer: Yes.

### IV. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. *See* Fed. R. Civ. P. 12(b)(6). To determine the sufficiency of a complaint, the court must view the stated facts in favor of the plaintiff, disregard any legal conclusions, and not credit any formulaic recitations of the elements. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal v. Ashcroft*, 556 U.S. 662, 675, 679 (2009)).

Thus, to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, 'to state a claim for the requested relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

This determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

V. **ARGUMENT**

   A. **Plaintiff's Claims Against Moving Defendants - Counts XI (alleging Negligence) and XII (alleging Negligence – Vicarious Liability) of Plaintiff's Complaint - Should be Dismissed, with Prejudice, for Legally Insufficiency Where Plaintiff Fails to Plead Either a Breach of Duty or a Causal Connection Between Moving Defendants' Purported Employees and/or Agents' Alleged Actions and Plaintiff's Alleged Injury.**

Though not clear from her Complaint, Plaintiff seems to maintain that Moving Defendants' alleged employees and/or agents, Jane Doe and Security Guard Dylan Heckart, had a duty to provide her with accurate information concerning the whereabouts of Michael Graeff, an individual whose relationship to Plaintiff is wholly unclear.[4]  Contrary to Plaintiff's allegation, and as is more fully detailed herein, Ms. Doe and Mr. Heckart fulfilled their duty.  Simply put, Plaintiff simply did not care for the answers she was provided.  Additionally, Plaintiff fails to plead the existence of an injury causally connected to the alleged acts and/or omissions of Moving Defendants' purported employees and/or agents.  Accordingly, Plaintiff's claims as to Moving Defendants fail as a matter of law.

"In Pennsylvania, a negligence cause of action is comprised of the following elements: (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and resulting injury; and (4) actual loss or damage resulting to the plaintiff. *Gillen v. Boeing Co.*, 40 F. supp. 3d 534,

---

[4] Moving Defendants specifically disclaim the existence of any further duty(ies) that may be alleged, explicitly or implicitly, as Plaintiff fails to plead the existence of any familial or legal relationship between her and Mr. Graeff. (*See* Doc. 1, ¶ 27 (alleging only that "Plaintiff considered him to be 'like a son.'")).  In short, Plaintiff was not entitled to the extent or degree of information concerning Mr. Graeff that an immediate family member, legal guardian, or person otherwise authorized by Mr. Graeff may be.

537 (E.D. Pa. 2014) (citing *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005)).  Plaintiff fails to establish the second and third elements.

First, Moving Defendants did not breach any duty allegedly owed to Plaintiff.  The sum total of the allegations against Jane Doe and Dylan Heckart consist of: (1) Ms. Doe informing Plaintiff that Mr. Graeff had not yet check in to the Hospital; (2) Mr. Heckart informing Plaintiff that Mr. Graeff did not wish to see her; (3) Mr. Heckart purportedly wrongfully accusing Plaintiff of misconduct; and (4) Ms. Doe and Mr. Heckart or "an unknown employee" of the Hospital calling the police on Plaintiff.  (Doc. 1 at ¶¶ 30-44.)  Ms. Doe's representation concerning Mr. Graeff not yet having checked into the hospital is not alleged to be inaccurate.  With respect to Plaintiff's allegation that Mr. Heckart lied to her in communicating that Mr. Graeff did not wish to see her, Plaintiff fails to establish that Mr. Heckart violated any duty.  In short, Plaintiff fails to allege that she informed anyone at the Hospital of the nature of her relationship, if any, with Mr. Graeff.  She was appropriately, from the Hospital's standpoint, a stranger to Mr. Graeff.  Plaintiff's contention that she had a "right to be informed of Mr. Graeff's whereabouts and status" (Doc. 1 at ¶ 35) is a wholly unsupported legal conclusion.  With respect to Mr. Heckart purportedly wrongfully accusing Plaintiff of misconduct, Mr. Heckart (and/or Jane Doe or another unnamed Hospital employee) is alleged to have simply called the police.  He did not attempt to detain Plaintiff or, alternatively, physically remove her from the Hospital.  Moreover, the additional allegations of the Complaint strongly suggest that Mr. Heckart's allegation of misconduct was accurate.  Plaintiff was ultimately escorted out of the Hospital by members of the Pottstown Police Department and placed under arrest for Disorderly Conduct.  (Doc. 1 at ¶¶ 56-57, 66.)  In sum, plaintiff's allegations fail to establish a breach of any limited duty owed by the Hospital to Plaintiff.

Second, Plaintiff fails to plead an injury causally connected to the alleged actions and/or omissions of Moving Defendants' purported employees and/or agents. "[A]n admittedly negligent act does not necessarily entail liability; rather even when it is established that the defendant breached some duty of care owed the plaintiff, ***it is incumbent on a plaintiff to establish a causal connection between defendant's conduct and the plaintiff's injury***." *Turturro v. United States*, 629 Fed. Appx. 313, 324 (3rd Cir. 2015) (quoting *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978)) (emphasis supplied). "In Pennsylvania, establishing such a causal connection requires demonstrating both but-for causation and proximate cause." *Id.* (citing *Reott v. Asia Trend, Inc.*, 55 A.3d 1088, 1103 (Pa. 2012)). Here, Plaintiff has not pled, and cannot establish, proximate cause. To establish proximate causation:

> …a plaintiff must show that the defendant's breach was a substantial factor in bringing about the plaintiff's harm. *See Powell v. Drumheller*, 653 A.2d 619, 622 (Pa. 1995). The plaintiff may rest on circumstantial evidence of such proximate causation. *See Harvilla v. Delcamp*, 555 A.2d 763, 764 (Pa. 1989) (opinion announcing the judgment of the court; *Hamil*, 392 A.2d at 1288, n. 9 ("A mere possibility of… causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." (quoting *Restatement (Second) of Torts § 433B cmt. a* (1965)) (internal quotation marks omitted)).

*Turturro*, 629 Fed. Appx. at 325.

Here, Plaintiff alleges that she was injured during her arrest by officers of the Pottstown Police Department as a result of their purportedly using excessive force. It is undisputed that neither Jane Doe, Dylan Heckart nor any other alleged employee and/or agent of Moving Defendants was not involved in Plaintiff's apprehension and/or arrest. Rather, the only action that they took is calling the police. It is sheer "speculation and conjecture" that by calling the police they knew or should have known that Plaintiff would subsequently and allegedly be injured by police through the alleged use of unprovoked excessive force. Accordingly, as a matter of law,

7

Plaintiff has failed to establish the requisite causal connection between her injury and Moving Defendants' purported employees and/or agents' alleged acts and/or omissions. Therefore, Counts XI and XII of Plaintiff's Complaint should be dismissed, with prejudice, as to Moving Defendants.

### B. Alternatively, Plaintiff's Claim for Punitive Damages Should be Dismissed as Legally Insufficient.

If the Court should decline to dismiss Plaintiff's claims as to Moving Defendants in their entirety, then Plaintiff's claim for punitive damages should be dismissed, with prejudice. Simply put, Plaintiff has failed to allege that Moving Defendants and/or their alleged employees and/or agents acted with the necessary intent required to justify an award of punitive damages.

Under Pennsylvania law, "punitive damages are proper 'only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.' They are an 'extreme remedy' available only in the most exceptional circumstances." *Brown v. City of Phila.*, 2021 U.S. Dist. LEXIS 130851, *14 (E.D. Pa. July 14, 2021) (quoting *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) and *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005)). Here, read in a light most favorable to Plaintiff, Moving Defendants provided Plaintiff, an individual with no familial or legal relationship to Mr. Graeff, inaccurate information concerning Mr. Graeff's whereabouts and subsequently called the police when Plaintiff refused to voluntarily leave the Hospital. Moving Defendants' alleged agents and/or employees did not physically touch Plaintiff or directly (nor, Moving Defendants submit, indirectly) cause Plaintiff's alleged injuries. These actions do not demonstrate the requisite "willful, wanton or reckless conduct" that could warrant the imposition of punitive damages. Accordingly, Plaintiff's claim for said damages must fail as a matter of law.

**VI.    CONCLUSION**

    For the foregoing reasons, Moving Defendants respectfully request that their Motion to Dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and that an Order be entered in the form attached.

                                                Respectfully submitted,

                                                **SAXTON & STUMP, LLC**

Date: <u>September 24, 2021</u>　　　　　　　　　　_/s/ Stephen J. Fleury Jr._
                                                Chilton G. Goebel, III, Esquire
                                                Attorney ID No. 92118
                                                Stephen J. Fleury, Jr., Esquire
                                                Attorney ID No. 309086
                                                100 Deerfield Lane, Suite 240
                                                Malvern, PA 19355
                                                (484) 328-8500
                                                cgg@saxtonstump.com
                                                sjf@saxtonstump.com

                                                *Attorneys for Defendants, Pottstown Hospital and Tower Health*