IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE CAPORALETTI : | |
| : | |
| PLAINTIFF, : | |
| : | Civil Action No. |
| vs. : | 2:21-CV-03293-JHS |
| : | |
| BOROUGH OF POTTSTOWN; CHIEF OF : | |
| POLICE MICHAEL MARKOVICH – : | |
| POTTSTOWN POLICE DEPARTMENT; : | JURY TRIAL DEMANDED |
| POLICE OFFICER PETER YAMBRICK – : | |
| POTTSTOWN POLICE DEPARTMENT; : | |
| POLICE OFFICER MATTHEW : | |
| MACIEJEWSKI – POTTSTOWN POLICE : | |
| DEPARTMENT; POLICE OFFICER JOHN : | |
| DOES 1-99 – POTTSTOWN POLICE : | |
| DEPARTMENT; POTTSTOWN : | |
| HOSPITAL; TOWER HEALTH; ABC : | |
| SECURITY COMPANY; DYLAN : | |
| HECKART; JANE DOE EMPLOYEE - : | |
| POTTSTOWN HOSPITAL; and DOTHAN : | |
| SECURITY INC. d/b/a DSI SECURITY : | |
| SERVICES, : | |
| : | |
| DEFENDANTS. | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS AS TO DEFENDANTS, POTTSTOWN HOSPITAL AND TOWER HEALTH, FROM PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

**I.    INTRODUCTION**

As to Defendants, Pottstown Hospital[1] and Tower Health[2] ("Moving Defendants"), Plaintiff, Christine Caporaletti ("Plaintiff" or "Ms. Caporaletti"), alleges in her First Amended Complaint that she was improperly denied the opportunity to see or otherwise be informed of the whereabouts and well-being of her son, non-party Michael Graeff ("Mr. Graeff"), during his July

---

[1] Improperly identified by Plaintiff. The proper name for this entity is "Pottstown Hospital, LLC d/b/a Pottstown Hospital."

[2] Tower Health is an improper Defendant in this matter.

1

25, 2019 admission to Pottstown Hospital. Plaintiff avers that Moving Defendants' alleged employees and/or agents, Jane Doe and Co-Defendant security guard, Dylan Heckart ("Mr. Heckart"),[3] purportedly engaged in the foregoing conduct and subsequently called police on Ms. Caporaletti when she refused to leave the Hospital. The Co-Defendant officers of the Pottstown Police Department subsequently arrived at the Hospital, escorted Plaintiff outside and placed her under arrest for disorderly conduct. During the arrest, Plaintiff alleges that she sustained injuries to her right arm and shoulder as a result of the officers' purported use of excessive force.

With respect to Moving Defendants, Plaintiff again asserts two (2) counts: Count XI (Negligence) and Count XII (Negligence - Vicarious Liability). The sum total of the allegations concerning Moving Defendants and their purported employees and/or agents continue to consist of: (1) falsely informing Plaintiff that Mr. Graeff had not yet arrived at the hospital and, later, that he did not wish to speak to Plaintiff; and (2) calling the police when Plaintiff became agitated and refused to leave the Hospital. Neither Jane Doe nor Mr. Heckart are alleged to have ever physically touched Plaintiff or have been involved in her subsequent arrest, the point at which Ms. Caporaletti purportedly sustained injury.

While Plaintiff's Amended Complaint now alleges, for the first time, a mother-son relationship between her and Mr. Graeff,[4] Plaintiff continues to fail to plead a legally cognizable claim of negligence as she is unable to establish a causal connection between the alleged acts of Jane Doe and/or Mr. Heckart and her purported injuries. More specifically, the alleged use of excessive force by the officers of the Pottstown Police Department constitutes an intervening act

---

[3] Moving Defendants deny that either employed Mr. Heckart at any relevant time.

[4] *Compare* Compl. (Doc. 1), ¶ 23 ("Plaintiff considered [Mr. Graeff] to be '*like a son*.'") (emphasis supplied) and ¶ 30 (omitting any mention of Plaintiff identifying Mr. Graeff as her son to front desk attendant, Jane Doe) to Amend. Compl. (Doc. 12), ¶ 33 (Plaintiff informed Jane Doe that "she needed to see her son, Mr. Graeff.").

breaking the causal chain of events between Moving Defendants' alleged negligence and Plaintiff's injuries. Accordingly, Plaintiff's claims against Moving Defendants fail as a matter of law. Alternatively, if any of Plaintiff's claims as to Moving Defendants are deemed legally sufficient, then Plaintiff's claim for punitive damages should be dismissed for failure to plead grounds upon which this requested relief may be granted.

## II.  STATEMENT OF FACTS

Plaintiff alleges that an unnamed employee and/or agent of Moving Defendants, Co-Defendant Jane Doe, was working at the front desk of Pottstown Hospital when Plaintiff approached her to ask for information concerning "her son," Mr. Graeff. (Doc. 12, ¶ 33.) Ms. Doe informed Plaintiff that Mr. Graeff had not yet checked into the Hospital. (Id. at ¶ 34). Despite this, Plaintiff continued to request information pertaining to Mr. Graeff's well-being and whereabouts. (Id. at ¶¶ 35-36).

Jane Doe then called to the front desk Co-Defendant Security Guard, Mr. Heckart. (Id. at ¶ 35.) Mr. Heckart is alleged to be an employee and/or agent of Moving Defendants and/or Co-Defendants, ABC Security Company and Dothan Security Inc., d/b/a DSI Security Services. (Id. at ¶ 18.) After informing Plaintiff that Mr. Graeff did not wish to see her, Mr. Heckart purportedly demanded that Plaintiff leave the Hospital. (Id. at ¶¶ 37, 46.) He subsequently allegedly accused Plaintiff of misconduct as a result of her banging on doors in the back of the emergency room and pushing through doctors. (Id. at ¶ 49.) Plaintiff maintains that Mr. Heckart had no basis in fact to inform her that Mr. Graeff did not wish to speak to her. (Id. at ¶¶ 37-38.) Plaintiff also denies engaging in misconduct. (Id. at ¶ 50.)

At some point during her communications with Jane Doe and Mr. Heckart, either or both are alleged to have called the police. (Id. at ¶ 53.) Significantly, from this point forward, no

purported employee and/or agent of the Hospital is alleged to have had any further interactions with Plaintiff. (*See generally*, Id. at ¶¶ 54-76.)

Three (3) officers of the Pottstown Police Department, Co-Defendants Officer Yambrick, Officer Maciejewski and Officer John Doe, subsequently arrived at the Hospital, confirmed for Plaintiff that Mr. Graeff did not wish to see her, and directed Plaintiff to leave the Hospital. (Id. at ¶¶ 57, 60-62.) Following Plaintiff's continued insistence that she be able to speak to Mr. Graeff, she eventually left Pottstown Hospital. (Id. at ¶¶ 64-65.) Plaintiff was allegedly followed outside the Hospital by Officers Yambrick, Maciejewski and John Doe who then placed her under arrest for Disorderly Conduct. (Id. at ¶¶ 66-67.) During her arrest, Plaintiff alleges that she was subjected to excessive force and sustained injury to her right arm and shoulder. (Id. at ¶¶ 70-71, 79.)

### III.   STATEMENT OF QUESTIONS INVOLVED

A. Whether Plaintiff's claims against Moving Defendants - Count XI (alleging Negligence) and Count XII (alleging Negligence – Vicarious Liability) - should be dismissed where Plaintiff has failed to plead the requisite elements of Negligence?

Suggested Answer:  Yes.

B. In the alternative, whether Plaintiff's claim for punitive damages against Moving Defendants must fail where Plaintiff has failed to plead any "willful, wanton or reckless conduct" misconduct on the part of Moving Defendants or their alleged employees and/or agents?

Suggested Answer:  Yes.

IV. **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim. *See* Fed. R. Civ. P. 12(b)(6). To determine the sufficiency of a complaint, the court must view the stated facts in favor of the plaintiff, disregard any legal conclusions, and not credit any formulaic recitations of the elements. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal v. Ashcroft*, 556 U.S. 662, 675, 679 (2009)).

Thus, to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, 'to state a claim for the requested relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This determination is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

V. **ARGUMENT**

   A. **Plaintiff's Claims Against Moving Defendants - Counts XI (alleging Negligence) and XII (alleging Negligence – Vicarious Liability) of Plaintiff's Amended Complaint - Should be Dismissed, with Prejudice, for Legally Insufficiency Where Plaintiff Fails to Plead a Causal Connection Between Moving Defendants' Purported Employees and/or Agents' Alleged Actions and Plaintiff's Alleged Injuries.**

In Plaintiff's Amended Complaint, she now alleges – for the first time – that she informed Jane Doe that she was the mother of Mr. Graeff. Notwithstanding this significant change from Plaintiff's original Complaint to her First Amended Complaint, Plaintiff still fails to plead the existence of an injury causally connected to the alleged acts and/or omissions of Moving Defendants' purported employees and/or agents. The alleged acts of the Co-Defendant officers of the Pottstown Police Department constitute an intervening cause breaking the causal chain of

events between the allegedly negligent acts of Jane Doe and Mr. Heckart and Plaintiff's purported injury.  Accordingly, Plaintiff's claims as to Moving Defendants continue to fail as a matter of law.

"In Pennsylvania, a negligence cause of action is comprised of the following elements: (1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) defendant's failure to conform to the standard required; (3) a causal connection between the conduct and resulting injury; and (4) actual loss or damage resulting to the plaintiff.  *Gillen v. Boeing Co.*, 40 F. supp. 3d 534, 537 (E.D. Pa. 2014) (citing *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005)).  Plaintiff fails to establish the third element.

"[A]n admittedly negligent act does not necessarily entail liability; rather even when it is established that the defendant breached some duty of care owed the plaintiff, ***it is incumbent on a plaintiff to establish a causal connection between defendant's conduct and the plaintiff's injury***."  *Turturro v. United States*, 629 Fed. Appx. 313, 324 (3rd Cir. 2015) (quoting *Hamil v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978)) (emphasis supplied).  "In Pennsylvania, establishing such a causal connection requires demonstrating both but-for causation and proximate cause." *Id.* (citing *Reott v. Asia Trend, Inc.*, 55 A.3d 1088, 1103 (Pa. 2012)).  Here, Plaintiff has not pled, and cannot establish, proximate cause.   To establish proximate causation:

> …a plaintiff must show that the defendant's breach was a substantial factor in bringing about the plaintiff's harm.  *See Powell v. Drumheller*, 653 A.2d 619, 622 (Pa. 1995).  The plaintiff may rest on circumstantial evidence of such proximate causation.  *See Harvilla v. Delcamp*, 555 A.2d 763, 764 (Pa. 1989) (opinion announcing the judgment of the court; *Hamil*, 392 A.2d at 1288, n. 9 ("A mere possibility of… causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." (quoting *Restatement (Second) of Torts § 433B cmt. a* (1965)) (internal quotation marks omitted)).

*Turturro*, 629 Fed. Appx. at 325.

Relatedly, the causal chain of events may be severed through the occurrence of an intervening or superseding act or cause between the alleged negligent conduct and injury. "To determine if such act or cause is sufficient to do so, 'the test is whether the intervening conduct was so extraordinary as not to have been reasonably foreseeable.'" *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 419 (E.D. Pa. 2016) (quoting *Powell v. Drumheller*, 653 A.2d 619, 623 (Pa. 1995)). "The act of a third person in committing an intentional tort or crime is a superseding cause." *Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1060 (Pa. Super. 2003) (citing *Ford v. Jeffries*, 379 A.2d 111 (Pa. 1977)).

Here, Plaintiff alleges that Jane Doe and/or Mr. Heckart falsely informed her that Mr. Graeff did not wish to see her and that Mr. Heckart wrongfully accused Plaintiff of attempting to re-enter the hospital through the emergency room doors.[5] However, even accepting these allegations as true – as Moving Defendants must as this stage of the litigation - Plaintiff fails to establish a causal connection between these allegedly negligent acts and her purported injury. Plaintiff alleges that she was injured as the result of the Co-Defendant officers of the Pottstown Police Department purportedly engaging in excessive force during Plaintiff's arrest outside of Pottstown Hospital. Neither Jane Doe nor Mr. Heckart attempted to detain Plaintiff, attempted to physically remove her from the Hospital, or were involved in any manner in Plaintiff's arrest. Rather, the Amended Complaint faults these individuals for merely calling the police. It is sheer "speculation and conjecture"[6] that by calling the police they knew or should have known that

---

[5] Significantly, the allegations of the Amended Complaint strongly suggest that Mr. Heckart's purportedly wrongful accusation was not inaccurate. Plaintiff was ultimately escorted out of the Hospital by officers of the Pottstown Police Department and placed under arrest for Disorderly Conduct. (Doc. 12 at ¶¶ 65-66, 76.)

[6] *Turturro*, 629 Fed. Appx. at 325, *supra*.

Plaintiff would subsequently and allegedly be injured by police through the alleged use of unprovoked excessive force.  Accordingly, Plaintiff has failed to establish the requisite causal connection between Moving Defendants' alleged conduct and Plaintiff's alleged injuries.

Relatedly, the officers' alleged use of excessive force would constitute an intentional tort against Plaintiff thereby severing the causal chain of events between Moving Defendants' allegedly negligent conduct and Plaintiff's purported injury.[7]  The officers alleged actions are an intervening act that severs any connection between Moving Defendants' employees and/or agents' purportedly negligent conduct and Plaintiff's alleged injuries.  Moreover, the officers' alleged use of unprovoked excessive force is so extraordinary that it could not have been foreseeable by Jane Doe and/or Mr. Heckart.  Accordingly, for these additional reasons, Plaintiff has failed to establish the requisite causal connection between Moving Defendants' alleged conduct and Plaintiff's alleged injuries.

Therefore, as a matter of law, Counts XI and XII of Plaintiff's Complaint should be dismissed, with prejudice, as to Moving Defendants.

### B. Alternatively, Plaintiff's Claim for Punitive Damages Should be Dismissed as Legally Insufficient.

If the Court should decline to dismiss Plaintiff's claims as to Moving Defendants in their entirety, then Plaintiff's claim for punitive damages should be dismissed, with prejudice.  Simply put, Plaintiff has again failed to allege that Moving Defendants and/or their alleged employees and/or agents acted with the necessary intent required to justify an award of punitive damages.

Under Pennsylvania law, "punitive damages are proper 'only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.'  They are an 'extreme remedy' available only in the most exceptional circumstances." *Brown v. City of*

---

[7] *See Mahan*, 841 A.2d at 1060, *supra*.

*Phila.*, 2021 U.S. Dist. LEXIS 130851, *14 (E.D. Pa. July 14, 2021) (quoting *Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005) and *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005)). Here, read in a light most favorable to Plaintiff, Moving Defendants purportedly provided Plaintiff with inaccurate information concerning Mr. Graeff's whereabouts and subsequently called the police when Plaintiff refused to voluntarily leave the Hospital. Moving Defendants' alleged agents and/or employees did not physically touch Plaintiff or directly (nor, Moving Defendants submit, indirectly) cause Plaintiff's alleged injuries. These actions do not demonstrate the requisite "willful, wanton or reckless conduct" that could warrant the imposition of punitive damages. Accordingly, Plaintiff's claim for said damages must fail as a matter of law.

## VI.     CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that their Motion to Dismiss be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and that an Order be entered in the form attached.

Respectfully submitted,

**SAXTON & STUMP, LLC**

Date: October 29, 2021

Chilton G. Goebel, III, Esquire
Attorney ID No. 92118
Stephen J. Fleury, Jr., Esquire
Attorney ID No. 309086
100 Deerfield Lane, Suite 240
Malvern, PA 19355
(484) 328-8500
cgg@saxtonstump.com
sjf@saxtonstump.com

*Attorneys for Defendants, Pottstown Hospital and Tower Health*